UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 04-11804-DHW
                                                         Chapter 7
STACY L. OSLAND,

      Debtor.
_____

STACY WHITE
f/k/a STACY OSLAND,

      Plaintiff,

v.                                                       Adv. Proc. No. 05-1115-DHW

CIT GROUP SALES FINANCING, INC.,

      Defendant.

## MEMORANDUM OPINION

Stacy White filed this adversary proceeding under 11 U.S.C. § 524 seeking damages and injunctive relief against CIT Group Sales Financing, Inc. ("CIT") for an alleged violation of the discharge. CIT filed a motion to dismiss under Fed. R. Bankr. Proc. 7012(b)(6) contending that the complaint fails to state a claim upon which relief can be granted.

### Jurisdiction

The court's jurisdiction in this adversary proceeding derives from 28 U.S.C. § 1334 and from the United States District Court for this district's order referring all title 11 matters to this court. Further,

because this action involves an alleged violation of the discharge injunction of 11 U.S.C. § 524, it is a core proceeding pursuant to 28 U.S.C. §157(b) thereby extending the court's jurisdiction to the entry of a final order or judgment.

## Accepted Factual Allegations

In considering a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the court must accept the allegations of the complaint as true and construe all inferences in a light most favorable to the plaintiff.[1] *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1199 (11th Cir. 2003); *Looney v. Hyundai Motor Mfg. Ala., LLC*, 330 F. Supp. 2d 1289, 1290 (M.D. Ala. 2004). The following is a summary of the plaintiff's factual allegations.

White filed a chapter 7 petition for relief in this court on August 17, 2004 and listed CIT as an unsecured creditor. The Clerk of Court gave notice to CIT of both the commencement of the case and of White's subsequent discharge. The discharge entered on December 7, 2004.

After the entry of the order of discharge, White requested copies of her credit files from certain credit reporting services. Three credit reporting services, Equifax, TransUnion, and Experian, responded to White's request. The reports of all three services reflected that White owed CIT around $55,000, that over $5,000 was past due, and that the status of the account was a repossession. The reports were predicated on information provided by CIT. CIT provided the information to the reporting services after White received the discharge in bankruptcy.

CIT sends collection letters to its delinquent customers

---

[1] Fed. R. Civ. Proc. 12(b)(6) is made applicable to this adversary proceeding by Fed. R. Bankr. Proc. 7012.

2

threatening to report their accounts as past due or charged off. CIT trains its collection personnel to threaten customers with reporting their accounts with past due or charged off designations. CIT places past due and charged off notations in customers' credit files as an act to collect a debt and actually collects such debts as a result.

## Conclusions of Law

For a complaint to survive a motion to dismiss for failure to state a claim, the threshold is "exceedingly low." *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). "[A] complaint should not be dismissed unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *McLain v. Real Estate Bd., Inc.*, 444 U.S. 232, 246, 100 S. Ct. 502, 62 L. Ed. 2d 441 (1980) (quoting *Conley v. Gibson,* 355 U.S. 41,45-46, 78 S. Ct. 99, 101-102, 2 L. Ed. 2d 80 (1957)).

Under 11 U.S.C. § 524(a)(2), a debtor's discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." This injunction ensures that "debtors are not pressured in any way to pay discharged debts." *In re Arnold*, 206 B.R. 560, 564 n.3 (Bankr. N.D. Ala. 1997).

CIT contends that a violation of the discharge injunction requires "an active attempt by creditors to collect the discharged debt." See Def.'s Mot. to Dismiss,¶ 3. As examples of "active attempts" to collect discharged debts, CIT points to the cases of *Thibodaux v. United States (In re Thibodaux),* 201 B.R. 827 (Bankr. N.D. Ala. 1996)(holding that post-discharge dunning letters, seizure of tax refund, and threatened levies violated the discharge); *Faust v. Texaco (In re Faust)*, 270 B.R. 310 (Bankr. M.D. Ga. 1998)(holding that the post-discharge referral of a prepetition debt to a collection agency violated the discharge injunction); and *In re Goodfellow*, 298 B.R. 358 (Bankr. N.D. Iowa

3

2003)(holding that creditor violated the discharge injunction through making substantial, post-discharge contacts with the debtor through telephone calls and mailings).

CIT contends that the mere reporting of an outstanding account balance to a credit reporting service, even if that balance was discharged in bankruptcy, is not an active attempt to collect, recover or offset the debt. Hence, the act is not a violation of the discharge injunction.

CIT further cites the court to the holding in *Vogt v. Dynamic Recovery Servs. (In re Vogt)*, 257 B.R. 65 (Bankr. D. Colo. 2000). In that case the bankruptcy court held that a creditor who continued to report a discharged debt to a credit reporting agency "was under no obligation under the Bankruptcy Code to change the way it reported the status of the loan. False reporting, if not done to extract payment of the debt, is simply not an act proscribed by the Code." *Id.* at 71.

White, however, alleges that CIT's reporting of her debt to credit reporting agencies was done to extract payment of the discharged debt. If she can prove that allegation, she would be entitled to relief in this action. Hence, the court cannot conclude beyond doubt that White can prove no set of facts that would entitle her to relief.

## Conclusion

For the reasons stated herein CIT's motion to dismiss the complaint will be denied. Pursuant to Fed. R. Bankr. Proc. 9021, an order consistent with this memorandum opinion will enter separately.

Done this the 1st day of December, 2005.

/s/ Dwight H. Williams, Jr
United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   Jeffrey D. Graveline, Attorney for Defendant